```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
In re:                                                         Case No. 20-11227-mdc
Michael D. Mumma                                               Chapter 7
         Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: Keith              Page 1 of 1                  Date Rcvd: Jun 25, 2020
                              Form ID: 318             Total Noticed: 9
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 27, 2020.
db             +Michael D. Mumma,   218 W. 4th Street,    East Greenville, PA 18041-1629
14474622        Department of Educatio,    fedloan servicing,    PO Box 790234,   Saint Louis, MO  63179-0234
14474623        FedLoan Servicing,    PO Box 60610,   Harrisburg, PA 17106-0610
14474625        Rushmore Loan Management Services,    PO Box 52708,    Irvine, CA  92619-2708
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Jun 26 2020 04:10:13     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 26 2020 04:09:49
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 26 2020 04:10:04     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
14474624        EDI: IRS.COM Jun 26 2020 08:03:00      Internal Revenue Services,    PO Box 8208,
                 Philadelphia, PA  19101-8208
14474626        EDI: TDBANKNORTH.COM Jun 26 2020 08:03:00      TD Bank,   PO Box 8400,
                 Lewiston, ME  04243-8400
                                                                                              TOTAL: 5

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14474621       20-11227
                                                                                              TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 27, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 25, 2020 at the address(es) listed below:
              CAROL B. MCCULLOUGH    on behalf of Debtor Michael D. Mumma mcculougheisenberg@gmail.com,
               cbmccullough64@gmail.com
              GARY F. SEITZ    on behalf of Trustee GARY F. SEITZ gseitz@gsbblaw.com,
               gfs@trustesolutions.net;Jblackford@gsbblaw.com
              GARY F. SEITZ    gseitz@gsbblaw.com, gfs@trustesolutions.net;Jblackford@gsbblaw.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 5
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Michael D. Mumma** | Social Security number or ITIN **xxx–xx–2392** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **20–11227–mdc**

# Order of Discharge                                                                                                        12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

   Michael D. Mumma

<u>6/25/20</u>                                                     **By the court:**  <u>Magdeline D. Coleman</u>
                                                                                           United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                                    **Order of Discharge**                                                     page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**